Case No. 17-744, Johnson N. Nnaka appellate v. Federal Republic of Nigeria at F. Mr. Amadi for the appellate, Mr. Mahan for the appellate. Good morning, Your Honor. My name is Amadi. Mr. Amadi, would you come to the left, please? Thank you. Good morning, Your Honor. Bennett Amadi for the appellant. Your Honor, this is an appeal from the district court dismissing the complaint filed by the appellant in this case. And the facts of the case arose from his commercial relationship, purely commercial relationship, between the appellant and the Federal Republic of Nigeria. Your Honor, in 2004, the appellant was given the contract by Nigeria. Is it really a contract? Commercial relationship. It's lacking an essential term, and I think it's fairly basic contract law that an agreement to make an agreement is not enforceable. And this contract ends by saying, or the gist of it ends by saying that we would agree on the terms of percentage of payment later on, which was never done. So it's not really a final contract, is it? No, Your Honor, the contract was not fully, it was not a fully integrated contract. It was to recover and discover and... I've found a number of cases that say that the kind of agreement to make an agreement is not enforceable. I've found none to the contrary. Do you know of any to the contrary? Your Honor, they agreed, the agreement was reached, there was a contract. What was supposed to be his return if he collected something? What was his fee supposed to be under that contract? What obtains, within this jurisdiction, Your Honor... It seemed to be agreed later, didn't it? Forty percent of whatever is discovered or recovered is not a fully integrated contract, Your Honor. What percent of what was recovered? Forty percent. That's in the contract? It's not specifically stated in the contract. Yes, Your Honor, and even if the court holds that the percentage was not stated, then the appellant can recover on a quantum merit basis. So even if... Let me just follow up on Judge Santel. Even if it is a contract, you're claiming breach of contract, right? But there's nothing in the letter at all authorizing him to represent Nigeria in court in the forfeiture proceedings. How could this... Even if it was a contract, how could it possibly provide a basis for a breach of contract claim? The contract says discover and recover. And coming to court to institute an action is part of the recovery. It's part of the recovery, Your Honor. And that's the appellant did. When the discovery was made and the forfeiture action was commenced, he intervened. He hired lawyers to assist in the work. Whatever the percentage was, in the end, there was no recovery. So 40% of zero is the same as 20% of zero or 100% of zero. What fee could he possibly be due under this contract when there was no recovery? Your Honor, there was discovery, expenses were incurred. And the fees that can be paid can be on a quantum merit basis. Quantum merit requires a benefit conferred on the person from whom the recovery is made. Since they got nothing, quantum merit is not available. You know, essentially they got something. They got nothing. They were discovered. At least they know exactly where those monies are. They cannot spend any further expenses trying to find out where the monies are. That is the benefit conferred on them. By the way, speaking of your quantum merit and unjust enrichment claims, you say that the district court, and I'm quoting this from your brief, failed to accept as true the facts alleged in the complaint. What facts did it fail to accept as true? Your Honor, the district court here was doubting whether there was any contract, was doubting whether my client, the appellant, discovered. I'm talking about the unjust enrichment claim and the unjust enrichment and quantum merit claims. That's where you say it. I looked at the district court decision. I didn't see any fact-finding. The way I read the district court, the district court seemed to be accepting your allegations but ruling against you on the law, and so I'm curious as to what I might have missed there. What facts did he not assume were true? What alleged facts in your complaint did he not accept as true? Your Honor, the district court did not accept the fact that my client... He did not? ...did not accept that my client discovered the stolen and looted funds in issue in this case. And that fact, your Honor, was clear. And again, your Honor, the district court did not accept or doubted that there was a contract. And... But whether there's a contract or not is a legal conclusion. That's a question of law. He accepted your allegations about the facts. He just didn't agree with you about the law. He doesn't have to accept your allegations that there's a contract. That's not a fact in a contract case. A fact is that there's a document that's signed. But the question of whether the signed document is a contract is a legal question. Yes, your Honor, that was why I indicated that it was not a fully integrated contract. It's stated there in the document that he should discover the funds and then recover the funds and from time to time be informing them of the efforts that he was making. Does your breach of contract claim depend on anything besides the letter that the Nigerian Attorney General wrote to the Justice Department and on the referral for criminal investigation? The document that we produced and then the reaffirmation letter by the same attorney general that gave that work to the appellant. Those are the documents in support of the contract. Why aren't those acts of state? Sir? Why isn't that claim barred by the act of state doctrine because you seek to question official acts of a foreign government official in his own country? Your Honor, that was purely commercial relationship. The relationship was, but the communication from the Nigerian Attorney General to the Justice Department is an official communication, which we've said is protected by the act of state doctrine. With due respect, Your Honor, the exception, the commercial activity exception under 28 U.S.C. 1605, the commercial exception takes care of that. It says if it is a purely commercial relationship, the act of state doctrine doesn't come in. And when you almost take a look at the relationship, it was purely commercial. And if the case is allowed to go back to the district court, the district court can decide the relationship without going into the legality or illegality of the communication in Nigeria or that with the Attorney General and the attorneys representing the U.S. in the case. Thank you. Your time is up. Thank you. May it please the Honorable Court, my name is Sevil Manu and I represent Apolice Federal Republic of Nigeria and Abubakar Malami, Nigeria's current Attorney General. This court should affirm the decision of the district court because it correctly applied the act of state doctrine and also because it correctly found that the To understand the basis for the district court's application of the act of state doctrine in this case, we must first look at the district court's basis for setting jurisdiction over this case. The district court correctly found that it had jurisdiction pursuant to the commercial activity exception of the Foreign Sovereign Immunities Act, FSIA. Now examine, that decision examined more closely shows that the basis, the precise basis for the district court's finding of the jurisdiction of Nixos was the third clause or ambit of FSIA section 1605A2, which is that this action was based on an act performed outside the United States that was taken in connection with the commercial activity of a foreign state outside of the United States and that caused a direct effect within the United States. So per the district court's analysis, the commercial activity in question here was the 2004 instruction letter. But the act in connection with that commercial activity is a 2014 letter from the former Nigerian Attorney General, Mr. Adoke, to the U.S. Department of Justice. And the direct effect that that act caused was the United States, the U.S. Department of Justice's filing of the 2014 letter in the civil asset forfeiture case and leading to the striking of all of the affluence claims. And you're going to explain to us why that letter is act of state. It is act of state because it is a communication. within, you know, about a case. It's just, it's advising the justice. It's not even sent to the attorney general. It's just a letter to the Justice Department advising them that the appellant's not authorized to participate in the case. It's just a routine communication about a piece of litigation. Why is it act of state? It is an act of state because, one, it is an intergovernmental communication. And if you look at the context of that intergovernmental communication, it is part of not just any lawsuit, it is a civil asset forfeiture case being conducted by the U.S. Department of Justice. Only the U.S. Department of Justice has the power to bring those civil asset forfeiture cases under CAFRA. Now, as part of the mutual legal assistance treaties between Nigeria and the United States, U.S. Department of Justice reached out to Nigeria and asked, we've got these attorneys inserting themselves into our civil asset forfeiture case. Who are they? Do they have authority to represent you? And then the Nigerian attorney general sends a response, a letter saying, no, they do not have authority. They should not be inserting themselves into the case. And on the basis of that communication, the U.S. DOJ then filed a letter with the court and resulted in striking out all the appellant's claims and pleadings. So I think that this case is really on all fours with this circuit's decision in Sisipio. This is the Islamic Republic of Iran. This circuit in that case held that intergovernmental communications, when two governments are negotiating with each other, it does not matter what the substance of the communications are. What matters is the negotiations, the direct links between the two governmental entities. And that is what is at stake here. Even if the communication in and of itself bears some tangential relationship to the commercial activity, the underlying commercial activity here is the 2004 letter. That is true. But the 2004 letter is not the basis, the gravamen of this action. The gravamen of this action is the 2014 letter disavowing the appellant's authority to represent Nigeria in the civil asset forfeiture case. And indeed, if one reads through the joint appendix, the complaint is there at 113. The complaint starts at JA5. Reference is made to the 2014 letter in virtually each and every paragraph of the complaint. So of note is that the district court did not hinge its assertion of jurisdiction on either the first ambit of 1605A2 or the second ambit. Interestingly enough, the appellant does not challenge the portion of the district court's ruling asserting jurisdiction on the basis of the third ambit of 1605A2. Now if he had done that, if the appellant had raised that issue in his notice of appeal, we might be discussing a different appeal here. But he does not do that. He actually accepts that basis for, he glosses over the nuances of 1605A2. And having not raised that matter in his notice of appeal, he cannot now challenge that ruling because the issue is not properly before the court. Now, assuming for the sake of argument that this was a case where the appellant merely alleged that he had a retainer agreement, he performed, and the Federal Republic of Nigeria was refusing to pay, there would be an entirely different case here. The first ambit of 1605A2 would apply, clearly, and there would even be no talk of an act of state doctrine. The relationship and the action would be based on a purely commercial activity. But that is not the case here. The gravamen of the appellant's complaint is the 2014 intergovernmental communication between the Attorney General of Nigeria and the United States Department of Justice's Asset Forfeiture and Money Laundering Unit. Now, as to appellant's intentional infliction of emotional distress claim, the appellant alleges in his complaint that the Nigerian Attorney General harassed him by referring him to the Nigerian law enforcement agency, the Economic and Financial Crimes Commission. And clearly, a referral to a law enforcement agency for investigation and possible prosecution is a very clear example of an act of state government function which cannot be conducted by private actors. And I would note again that the 2014 letter was written by the Nigerian Attorney General in Abuja, Nigeria. It's written on the Attorney General's letterhead. It was not written in the United States, contrary to what the appellant now argues. And it was also not filed by the Attorney General. The letter was transmitted to the U.S. Department of Justice and the U.S. Department of Justice then filed it in the Civil Asset Forfeiture case. Now, moving on to the failure to state a claim prong of the lower court's decision. Appellant's claims for unjust enrichment and quantum merit were properly dismissed for failure to state a claim. Now, even if the complaint is read in a manner most sympathetic to the plaintiff, the complaint does not and cannot plausibly allege that the appellant conferred any benefit on Nigeria. And as the court has pointed out in the course of Appellant's argument, the lower court did accept all of the appellant's allegations in this complaint as true and construed them in the manner most favorable to the appellant. But under each construction, it could not reach, could not agree that some tangible benefit had been conferred upon Nigeria. It is true that under Rule 12b6 motion, the court must presume the truth of the complainant's factual allegations and accept them as true. But there's an important target, and that target, as laid down in Ashcroft and Iqbal, is that the court must ask whether the facts alleged suffice to state a claim that is plausible. The claims the appellant states in this complaint are not plausible. The 2004 instruction letter is very clear. It says, no recovery, no payment. Appellant now argues that this was not an integrated contract, but he did not make that allegation in his complaint. He also argues that the discovery was part of his instructions. But the letter is clear that he had represented to the Nigerian government, he had discovered the assets already, so they tasked him with recovering them. And nowhere in his complaint does he allege that he recovered any funds for the Nigerian government. I therefore urge this honorable court to affirm the decision of the law. Thank you. Counsel, do you have any time left? Okay, you can take one minute, Mr. Iqbal, if you would like. Thank you. You know, I will respectfully point out that the case of Kirkpatrick against environmental technologists is very relevant in this case. And the act of state doctrine here does not apply at all because the relationship was purely commercial, purely commercial. And then the case of Hodari confirms that, and that of Kirkpatrick confirms it too. And on the issue of no recovery, no payment, now Nigeria acted in back feet and blocked the appellant from making the full recovery when the appellant was ready, willing, and able to complete the job. Thank you very much. Your time is up. Thank you. Case is submitted. Thank you.
judges: Tatel, Katsas, Sentelle